**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| PABLO PEDROZA, Individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **C.A. No.:** |
| TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN | ) ) ) ) | |
| Defendant. | ) | |

**PETITION FOR REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Teamsters Union 25 Health Services & Insurance Plan (hereinafter "Teamsters HSIP" or "Defendant"), hereby removes this action from the Suffolk County Superior Civil Court of Massachusetts to the United States District Court for the District of Massachusetts Eastern Division pursuant to 28 U.S.C. §§ 1331 and 1441(a), Federal Rule of Civil Procedure 81(c), and in support of which avers as follows:

I.    **DESCRIPTION OF ACTION**

Plaintiff, Pablo Pedroza (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, filed his Class Action Complaint in the Suffolk Superior Civil Court, Commonwealth of Massachusetts on or about September 12, 2025, captioned *Pablo Pedroza, individually and on behalf of all others similarly situated v. Teamsters Union 25 Health Services & Insurance Plan*, *Case No. 2584CV02536*. A copy of the Complaint is attached to this Notice of Removal as Exhibit A.

Plaintiff's Complaint asserts causes of action purportedly arising from a data security incident discovered in August 2025. *See* Exhibit A at ¶ 1. Plaintiff alleges that he, along with

similarly situated individuals, experienced damages as a result of a third-party security incident implicating the personal information of Plaintiff. *See* Exhibit A at ¶¶ 29, 88. Plaintiff has raised several causes of action including Negligence, Negligence *Per Se*, Breach of Implied Contract, Breach of Fiduciary Duty, and Unjust Enrichment. Teamsters HSIP denies the allegations underlying each of Plaintiff's claims.

28 U.S.C. §§ 1441(a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim against Teamsters HSIP. Specifically, Plaintiff's claims against Teamsters HSIP arise, if at all, under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). As such, this action is removable pursuant to 28 U.S.C. § 1441(a),

## II.    TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Plaintiff purportedly effectuated service of his Complaint on September 25, 2025. Accordingly, this removal is timely.

## III.    FEDERAL QUESTION JURISDICTION UNDER ERISA

Removal is proper because the Complaint asserts claims that are completely preempted by the civil enforcement provisions of ERISA. "Any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 209 (2004). It is well settled that "causes of action within the scope of the civil enforcement provisions of [ERISA] are removable to federal court." *Id.* (quoting *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Nominally state-law causes of action are preempted "if an individual, at some point in time, could have brought his claim under

ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Cannon v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 132 F.4th 86, 91 (1st Cir. 2025). Under ERISA's civil enforcement provisions, a participant or beneficiary of an ERISA-covered plan can bring a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

### a. Plaintiff Is Enrolled In An ERISA Plan

ERISA provides that an "employee welfare benefit plan" or "employee benefit plan" is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment or vacation benefits . . . ." 29 U.S.C. § 1002(1), (3). Teamsters HSIP is a multi-employer insurance benefit fund established and maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care benefits in the event of sickness. Plaintiff is enrolled in Teamsters HSIP's "Active Dental/Vision Program" (the "Plan"). A true and correct copy of the summary plan description for the Plan is attached hereto as Exhibit B. The Plan contains specific terms regarding the maintenance and protection of its members' protected health information ("PHI"), as well as terms about members' rights about when Defendant can disclose members' PHI. *See* Exhibit B at pp. 29–33. The Plan also contains specific terms regarding duties imposed on Plan fiduciaries and members' rights

3

regarding fiduciary misuse of Plan money. *See Id.* at pp. 37–38. Defendant alleges on information and belief that Plaintiff received health benefits pursuant to the Plan.

**b. <u>Plaintiff's Claims Could Have Been Brought Under ERISA's Civil Enforcement Provisions</u>**

To the extent Plaintiff has claims against Teamsters HSIP, they arise under the ERISA Plan. Plaintiff alleges that he provided his PHI to Teamsters HSIP "in exchange for membership" in the Plan and when he provided that PHI he "entered [an] implied contract[ ] with Defendant under which Defendant agreed to reasonably protect such information." Exhibit A at ¶ 185. Plaintiff alleges Teamsters HSIP "solicited, offered, and invited" Plaintiff to provide his PII "as part of Defendant's regular business practices" *i.e.*, Teamsters HSIP's administration of the Plan. *Id.* at ¶ 186. Plaintiff further alleges he "paid money to Defendant with the reasonable belief and expectation that Defendant would use part of its earnings to obtain adequate data security. Defendant failed to do so." *Id.* at ¶¶ 185, 188. Specifically, Plaintiff alleges that "Defendant funds its data security measures entirely from its general revenue, including payments made by or on behalf of Plaintiff" and that "a portion of the payments made by or on behalf of Plaintiff . . . is to be used to provide a reasonable level of data security." *Id.* at ¶¶ 207–08. Plaintiff alleges that Defendant "enriched itself by saving the costs Defendant reasonably should have expended on data security measures" and that "[r]ather than providing a reasonable measure of security that would have prevented the hacking incident, Defendant instead calculated to increase its own profits at the expense of Plaintiff . . . by using cheaper, ineffective security measures." *Id.* at ¶ 211. Plaintiff demands that Defendant "be compelled to disgorge . . . proceeds they unjustly received" or "refund the amounts that Plaintiff . . . overpaid for Defendant's services" as well as compensatory damages and adequate credit monitoring services. *Id.* at ¶¶ *See Id.* at ¶¶ 194–95, 219. Further, Plaintiff alleges that "Defendant has a fiduciary duty to act for the benefit of Plaintiff

4

. . . upon matters within the scope of Defendant's relationship with its members, in particular to keep secure their private information." *Id.* at ¶ 199.

Plaintiff's claims could have been brought under ERISA's civil enforcement provisions because they relate to his rights and benefits under the Plan. Plaintiff alleges that he expected Teamsters HSIP to protect his PHI from unauthorized disclosure—privacy rights explicitly included in Plan documents. By failing to protect his PHI from unauthorized disclosure, Plaintiff alleges his rights under the Plan have been violated and he did not receive an expected benefit, *i.e.* adequate data security protection. Plaintiff alleges Plan fiduciaries misused Plan money by spending the portion of his premium payments that should have gone to robust security measures on cheaper, ineffective alternatives. Because his rights under the Plan were violated and he did not receive the benefits to which he was entitled, Plaintiff demands a partial refund of his premium payments and an additional Plan benefit for all members—credit monitoring. These claims all stem from Teamsters HSIP's alleged breach of a purported promise to safeguard Plaintiff's information covered by the insurance contract between the parties. At its core, Plaintiff seeks to recover benefits due to Plaintiff under the terms of the Plan and to enforce his rights under the terms of the Plan. Claims that could have been brought under ERISA § 502(a)(1)(B).

### c.  **Plaintiff's Case is Removable**

Complete preemption under ERISA § 502(a)(1)(B) is an exception to the well-pleaded complaint rule, and a defendant may remove a case to federal court where, as here, Plaintiff asserts state-law causes of action that duplicate, supplement or supplant ERISA's comprehensive enforcement scheme. *See Davila*, 542 U.S. at 209. In this case, Plaintiff seeks determinations regarding the benefits, rights and obligations of the parties under the Plan, which is an "employee benefit plan" governed by ERISA. Thus, Plaintiff's only recourse is a claim under ERISA §

502(a)(1)(B). *See Id.* at 209–10.  ERISA provides the exclusive remedy for Plaintiffs' claims, and Plaintiff cannot avoid complete preemption by styling his claims as state-law causes of action. Because Plaintiff's claims "derive[ ] entirely from the particular rights and obligations established by the benefit plans" Plaintiff's claims "fall within the scope of ERISA § 502(a)(1)(B) . . . and are therefore completely pre-empted by ERISA § 502 and removable to federal district court.  *See Id.* at 214 (quoting *Metropolitan Life*, 481 U.S. at 66).

Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441.  Under the provisions of 28 U.S.C. § 1441(a), Teamsters HSIP is entitled to remove this action from the Suffolk County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, which embraces the place where this action is pending.

## IV.   NOTICE TO ADVERSE PARTIES AND THE SUFFOLK COUNTY SUPERIOR COURT

Promptly after filing this Notice, Defendant will provide written notice of removal to Plaintiff and the Suffolk County Superior Court and will file a copy of this Notice of Removal with the Suffolk County Superior Court.

Dated: October 24, 2025                               Respectfully submitted,

/s/ Michael A. Feinberg
Michael A. Feinberg, Esq.
BBO # 161400
maf@fdb-law.com
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070

6

Counsel for Defendant Teamsters Union 25
Health Services & Insurance Plan
Jill H. Fertel, Pro Hac Vice forthcoming
Tara G. Nalencz, Pro Hac Vice forthcoming
Conor J. Hafertepe, Pro Hac Vice
forthcoming
**CIPRIANI & WERNER, P.C**.
450 Sentry Parkway East, Suite 200
Blue Bell, PA 19422
Tel.: (610) 567-0700
jfertel@c-wlaw.com
tnalencz@c-wlaw.com
chafertepe@c-wlaw.com

Attorneys for Defendant Teamsters Union 25
Health Services & Insurance Plan

## <u>CERTIFICATE OF SERVICE</u>

I, Michael A. Feinberg, hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing and copies will be sent via electronic mail to:

| | |
|---|---|
| John P. Kristensen, Esq.<br>BBO # 712688<br>KRISTENSEN LAW GROUP<br>53 State Street, Ste. 500<br>Boston, MA 02109<br>john@kristensenlaw.com<br><br>Counsel for Plaintiff and the Putative Class | Leigh S. Montgomery*<br>Texas Bar No. 24052214<br>lmontgomery@eksm.com<br>service@eksm.com<br>EKSM, LLP<br>4200 Montrose Blvd., Suite 200<br>Houston, Texas 77006<br><br>Counsel for Plaintiff and the Putative Class<br>* denotes pro hac vice |

Dated: October 24, 2025                                   /s/ Michael A Feinberg
                                                                      Michael A. Feinberg, Esq.

7